**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN OZENKOSKI | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE No.  4:17-1414** |
| | ) | |
| CITY OF JENNINGS, MISSOURI | ) | |
| FRANCINE DUGGER, in her official and | ) | **JURY TRIAL DEMANDED** |
| individual capacity, | ) | |
| KIMBERLY SMITH, in her official and | ) | |
| individual capacity, | ) | |
| RISE' JOHNSON, in her official and | ) | |
| individual capacity, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| **Serve at:**    **CITY OF JENNINGS** | ) | |
|       **2120 Hord Avenue** | ) | |
|       **Jennings, Missouri 63136** | ) | |

## COMPLAINT

COMES NOW, Plaintiff Glen Ozenkoski (hereinafter, "Ozenkoski") by and through the undersigned counsel(s) and file herewith his complaint against Defendant(s) City of Jennings, Missouri;Francine Dugger, in both her official and individual capacity; Kimberly Smith, in both her official and individual capacity; and Rise' Johnson, in both her official and individual capacity (each individually, a "Defendant" and collectively, the "Defendants"). In support of this Complaint, Plaintiff Ozenkoski states as follows:

## PARTIES

1.        This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

1

2.      Plaintiff Ozenkoski is an individual, and resident of St. Louis County, Missouri and the owner of a business named O.Z. Line-A-Bed & Property, a business formerly operating at 5807 Janet Avenue, Jennings, Missouri, 63136 (the "Business").   Plaintiff voluntarily ceased doing business under that name several weeks prior to filing the instant action.

3.      Defendant City of Jennings is a municipal corporation organized under the laws of the State of Missouri.

4.      Defendant City of Jennings operates the City of Jennings Police Department.

5.      Defendant City of Jennings operates the City of Jennings Building Department.

6.      Defendant City of Jennings operates the City of Jennings Collector's Office.

7.      Defendant Francine Dugger is the City of Jennings Mayor Pro-Tem, and she is being sued in both her individual and official capacity. The Mayor Pro Tem, in her respective position for the City of Jennings and at all times relevant to this cause was a decision-maker possessed final authority to establish municipal policy; and or by delegating policy making authority to a subordinate or ratifying the actions of said subordinate; therein for the actions herein alleged a final policy maker for the violative actions and acts taken against Plaintiff.

8.      Defendant Kimberly Smith is the City of Jennings Director of Housing and Economic Development, and she is being sued in both her individual and official capacity. The Director of Housing and Economic Development, in her respective position for the City of Jennings and at all times relevant to this cause was a decision-maker possessed final authority to establish municipal policy; and or by delegating policy making authority to a subordinate or ratifying the actions of said subordinate; therein for the actions herein alleged a final policy maker for the violative actions and acts taken against Plaintiff.

9.     Defendant Rise' Johnson is the City of Jennings Finance Director, and she is being sued in both her individual and official capacity. The Finance Director, in her respective position for the City of Jennings and at all times relevant to this cause was a decision-maker possessed final authority to establish municipal policy; and or by delegating policy making authority to a subordinate or ratifying the actions of said subordinate; therein for the actions herein alleged a final policy maker for the violative actions and acts taken against Plaintiff.

10.    Liability flows from the exercise of the named parties action individually and in their official authority and as such, they enjoy no insulation from the claims set-forth herein below.

## JURISDICTION AND VENUE

11.    Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal and constitutional law.

12.    Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

13.    Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

14.    Venue is proper in the U.S. District Court Eastern District of Missouri, as the events and conduct complained of herein all occurred in the Eastern District.

15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331, §1343, and §1356.

16.    Injunctive relief is authorized by 28 U.S.C. § 1343, and Federal Rule of Civil Procedure 65.

## FACTS COMMON TO ALL COUNTS

17.     At all times mentioned herein, Plaintiff Ozenkoski owned, a parcel of land No. 13G310461, Lots 9 & 10 & Lot Pt 11, commonly known as 5811 Janet Avenue, Saint Louis, Missouri 63136, Jennings, Missouri.

18.     At all times mentioned herein, Plaintiff Ozenkoski owned, a parcel of land No. 13G310382, & Lot Pts 11 & 13, 5807 Janet Avenue, Saint Louis, Missouri 63136, Jennings, Missouri.

19.     At all times mentioned herein, Plaintiff Ozenkoski owned, a parcel of land No. 13G311635, Lot Pt 13 13G11543 11 4 87, 5805 Janet Avenue, Saint Louis, Missouri 63136, Jennings, Missouri.

20.     Plaintiff Ozenkoski operated O.Z. Line-A-Bed & Property in the City of Jennings for over thirty (30) years, 5807 Janet Avenue, Jennings, Missouri 63136.

21.     In October 2016, the City of Jennings, City of Jennings Police Department, City of Jennings Building Department, and the City of Jennings Collector's Office padlocked the Business depriving Plaintiff Ozenkoski of access and use.

22.     Defendants padlocked the entire building because Plaintiff Ozenkoski allegedly had not paid Missouri sales tax.

23.     Ozenkoski had been allowed to operate in the City of Jennings for several months and/or years without a having a "zero balance" tax letter.

24.     Suddenly, without notice, Ozenkowski was told to produce the "Zeor balance" letter, or face immediate involuntarily closure.

25.     Ozenkowski was unable to produce said letter resulting in swift, unilateral seizure of his building and property.

26.     Defendants failed to provide adequate notice to Plaintiff Ozenkoski prior to depriving him of access and use to his property and the contents of the building, which included sensitive documents and customer parts.

27.     According to information and belief, after padlocking the Business, the Defendants informed Plaintiff Ozenkoski that he could get access to the Business once he obtained a "zero tax owed" letter, issued from the State of Missouri Department of Revenue.

28.     On December 30, 2016, Plaintiff Ozenkoski wrote a letter to Defendant Dugger and the City of Jennings to address the seizure of his building and business.

29.     In his correspondence, Plaintiff Ozenkoski acknowledged the need for tax documentation and expressed the need to access his building to access the necessary documentation.  He explained that it was impossible to comply with Defendant's request without immediate access to the building.

30.     He further indicated that all documents related to personal and business expenses, tax records, sales receipts, electronic records within computer storage, etc. were located inside the building.  Thus, he needed access to the building in order to satisfy the City's request.

31.     Plaintiff Ozenkoski requested that the Defendants refrain from taking any additional action against for ninety (90) days so as to secure an amical, legal resolution to both the tax matters and/or seizure f the building.

32.     On, or about January 26, 2017, City of Jennings responded to Ozenkowski's request stating it was "unwilling to remove the padlock."

33.     Defendant Smith further explained that due to the City's unwillingness to remove the padlock, the Business would remain under a cease and desist order until such time as the Business "is in compliance with all city and state laws and requirements."

34.    According to Defendant Smith upon not less than seventy-two (72) hours advanced notice, the City would permit Plaintiff Ozenkoski access to his building "during normal business hours for a reasonable period of time, not to exceed one (1) hour to retrieve such records and documents."

35.    Defendant Smith concludes by stating, "[t]he City [of Jennings] will allow you to wind up the affairs of the Business."

36.    By letter dated January 31, 2017, Plaintifff Ozenkoski requested access to the Business on Friday, February 3, 2017 at 2:30pm.  The City of Jennings agree to this request.

37.    Accordingly, on Friday, February 3, 2017, Plaintiff Ozenkoski arrived at his building and former place of business in advance of the scheduled meeting.  He waited until 3:30 pm, yet no personnel employed by the City of Jennings arrived to permit him access to the building.

38.    Defendants failed to afford Ozenkowski a hearing or any forum to determine the status of the Business or the property on which it stands.

39.    Prior to the seizure of the building and Business, Plaintiff Ozenkoski was not provided an opportunity to present evidence.

40.    Prior to the seizure of the building and Business, Plaintiff Ozenkoski was not provided information regarding the claims to which Defendants assert their right and ability to seize his property, or liberty.

41.    The remedy sought by Defendants, against Plaintiff Ozenkoski, for any perceived unpaid tax or business license issue, is draconian in light of other measures which could have been taken.

42.    Defendants have adopted practices, and taken actions, that deprived Plaintiff Ozenkoski of fundamental rights under the law.

43.     Plaintiff Ozenkoski has been summarily denied his rights under the United States Constitution.

44.     Plaintiff Ozenkoski has been summarily denied his rights under the Missouri Constitution.

**COUNT I**
**Injunctive Relief**
**Against**
**City of Jennings; and Defendant(s) Dugger; Smith; and Johnson, In their Individual and Official Capacity**

45.     Plaintiff Ozenkoski incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

46.     Defendants have acted, and are continuing to act in excess of their authority, unconstitutionally, and in a manner that directly infringes on the rights of Plaintiff Ozenkoski, in this matter.

47.     The manner by which the Defendants acted individually, and in concert, to padlock Plaintiff Ozenkoski's business, and prevent him access to his own property, is such to violate the enumerated protections set forth in the United States Constitution and the Missouri Constitution.

48.     Defendants' actions have caused, and will continue to cause, Plaintiff Ozenkoski to suffer irreparable injury, as it prohibits him from: accessing his building for any and all purposes; accessing very important documents inside his property; his customer's property; making use of his property; and furthering his lawful commercial enterprise operated on his property; or should he elect; disposing of his property; real and personal, all without exposing Defendants to civil and/or criminal penalties and injunctions for their actions.

49.     Plaintiff Ozenkoski has loss, and will continue to lose access to his building and the right to put it on the market; business profits and personal income, if he is prohibited from unfettered access to his building.

50.     If not enjoined, Defendants will continue to act in an unconstitutional manner, and Plaintiff Ozenkoski will continue to suffer irreparable injury because he will continue to be barred from his property, business, and sole source of income without exposing the Defendants to civil and/or criminal penalties and injunctions for their actions.

51.     Plaintiff attempted to resolve this matter informally without success.

52.     Defendant's will not allow him to access his property and will not afford him a hearing.

53.     Plaintiff does not have another adequate remedy.

54.     Ozenkowski's property is unique, inasmuch as there is no other parcel of land and/or property like it.

55.     He has customer's property inside of his building, which he needs to access and/or return immediately.

56.     Accordingly, a Temporary Restraining Order, preventing Defendant's from denying access to Ozenkowki's building, is necessary.

57.     Defendants' policies and actions have resulted and will result in irreparable injury to Plaintiffs.

58.     There is no plain, adequate or complete remedy at law to address the wrongs described herein.  Defendants have made clear that they intend to continue these practices of seizing property without due process and denying residents the right to their property.

59.     Plaintiff was denied access to his property and the content contained therein without a warrant and notice.

60.     Defendants have also made clear that they do not intend to grant Plaintiff continuing access to his building making it impossible for Plaintiff's customers to reclaim their property.

61.     Unless restrained by this Court, Defendants will continue to implement these unlawful policies and practices.

62.     Defendants' acts alleged above violate established constitutional rights of Plaintiffs and Defendants could not reasonably have thought that the conduct of their agents and employees in seizing and destroying Plaintiffs' property was lawful.

63.     An actual controversy exists between Plaintiffs and Defendants in that Defendants, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein and intend to continue to do so.  Plaintiffs claim that these acts are contrary to law and seek a declaration of their rights with regard to this controversy.

64.     As a direct and proximate consequence of the acts of Defendants' agents and employees,

65.     Plaintiffs have suffered and will continue to suffer damages through injury to their person and the loss of personal property, including

WHEREFORE, Plaintiffs pray as follows:

A.  For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

B.  For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiffs' rights under the United States and Missouri constitutions and the laws of Missouri;

C. For a temporary and permanent prohibitory injunction restraining the Defendants, its agents, employees, officers, and representatives from taking any further action to interfere with Plaintiff Ozenkoski's access, or ability to access, his property, whether real or personal, and business contained thereon;

D. An injunction compelling the Defendants, its agents, employees, officers, and representatives to take any and all action necessary to immediately permit Plaintiff Ozenkoski access to his property and business, including compelling the Defendants to remove any padlock, chain, fencing, or any other similar restrictive device intended to prevent access to the business;

E. For damages in an amount to be determined according to proof; and

F. Any further relief that the Court determines may be just or equitable in this matter.

**COUNT II**
**42 U.S.C. §1983 - Fourteenth Amendment Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**and In their Individual and Official Capacity**

66.    Plaintiff Ozenkoski incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

67.    42 U.S.C. § 1983 provides, in pertinent part, that any person acting under color of statute, ordinance, regulation, custom, or usage of any State, subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress.

68.    Plaintiff Ozenkoski is a citizen of the United States of America, and resident of the State of Missouri.

69.    Upon information, and belief, the City of Jennings was acting in accordance with a statute, ordinance, regulation or custom when it acted in an unconstitutional manner against the

rights of Plaintiff Ozenkoski by ordering or authorizing his property and business to be padlocked and seized, violating the Fourth and Fourteenth Amendment.

70.    Upon information, and belief, the City of Jennings Police Department was acting in accordance with a statute, ordinance, regulation or custom when it acted in an unconstitutional manner against the rights of Plaintiff Ozenkoski by padlocking or directing its agents, employees, or officers to padlock and seize the property and business, violating the Fourth and Fourteenth Amendment.

71.    Upon information and belief, Defendants Dugger, Smith and Johnson were acting in accordance with a statute, ordinance, regulation or custom when she authorized the City of Jennings, its agents, employees, officers, and auxiliaries to padlock and seize the property and business, violating Plaintiff Ozenkoksi's Fourth and Fourteenth Amendment rights.

72.    Accordingly, the actions of Defendants violated, and continue to violate 42 U.S.C. § 1983.

73.    The Fourteenth Amendment to the United States Constitution guarantees the right to all persons, born or naturalized in the United States, to be protected from any state depriving such person of life, liberty or property without due process of law.

74.    The Fourteenth Amendment's "due process clause" is intended, in part, to prevent the wrongful deprivation of a person's fundamental property interest, and to guarantee certain essential, basic fairness is afforded.

75.    Prior to a deprivation of a person's fundamental property interest, a government entity must provide certain, enumerated processes, including: (i) adequate notice of the charges or proceedings; (ii) articulated standard of conduct alleged to have been violated; and (iii) an opportunity to rebut the charges or proceedings in a meaningful way and at a meaningful time.

76.     In order to sustain its adverse position against a person's fundamental property interest, a government entity must provide substantial and credible evidence to support its finding and/or determination, which Defendants have failed to do.

77.     In order to sustain its adverse position against a person's fundamental property interest, a government entity must provide adequate explanation to the affected person for the basis of its finding and/or determination, which Defendants have failed to do.

78.     Plaintiff Ozenkoski owns the Business, and the property on which the Business sits, at question in this matter.

79.     Defendants have deprived Plaintiff Ozenkoski access to the Business by padlocking the structure, which also contains other personal property and fixtures owned by Plaintiff Ozenkoski.

80.     Without doubt, or question, Defendants materially failed to provide Plaintiff Ozenkoski with any of the requirements of due process prior to depriving him of his fundamental property interest in the Business.

81.     Fourteenth Amendment due process protection require a government entity to ensure certain process are conducted prior to taking an adverse action against an affected person's fundamental interests; in this instance Defendants took adverse action against Plaintiff Ozenkoski prior to providing adequate notice, prior to providing an allegation of conduct violation, and prior to an opportunity to rebut the allegations made against him.

82.     Any evidence, or information, that Plaintiff Ozenkoski has to rebut the allegations against him are contained within the padlocked Business that Defendants refuse to permit him to access.

83. In the event Defendants' adverse decision as to the status of the Business was correct, there existed much less draconian measures, and legal process, which should have been followed that does not involve the deprivation of Plaintiff Ozenkoski's rights.

84. Accordingly, the actions of Defendants violated the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A. An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B. The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C. Any further relief that the Court determines may be just or equitable in this matter.

## COUNT III
### 42 U.S.C. §1983 - Fourteenth Amendment Against
### City of Jennings; Dugger; Smith; and Johnson
### In their Individual and Official Capacity

85. Plaintiff Ozenkoski incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

86. The Fourteenth Amendment to the United States Constitution guarantees the right to all persons, born or naturalized in the United States, to be protected from any state depriving such person of life, liberty or property without due process of law.

87. The United States recognizes the right to "liberty" to include an individual's freedom of choice and pursuit of a vocation or occupation.

88.     Prior to a deprivation of a person's fundamental liberty interest, a government entity must provide certain, enumerated processes, including: (i) adequate notice of the charges or proceedings; (ii) articulated standard of conduct alleged to have been violated; and (iii) an opportunity to rebut the charges or proceedings in a meaningful way and at a meaningful time.

89.     In order to sustain its adverse position against a person's fundamental liberty interest, a government entity must provide substantial and credible evidence to support its finding and/or determination.

90.     In order to sustain its adverse position against a person's fundamental liberty interest, a government entity must provide adequate explanation to the affected person for the basis of its finding and/or determination.

91.     Plaintiff Ozenkoski, as evidenced by the longstanding vocation and occupation he operated at the Business, exercised his fundamental right to liberty in O.Z. Line-A-Bed & Property.

92.     Plaintiff Ozenkoski's fundamental right to liberty rested in the continued operation of, and his continued access to, the Business.

93.     Prior to the October 2016 seizure of the Business, Plaintiff Ozenkoski had no intent to wind up business, and was enjoying the liberty afforded with being an entrepreneur and business owner in the City of Jennings.

94.     Defendants have denied Plaintiff Ozenkoski's right to liberty in choice of vocation or occupation.

95.     Without doubt, or question, Defendants materially failed to provide Plaintiff Ozenkoski with any of the requirements of due process prior to depriving him of his fundamental liberty interest.

96.     Fourteenth Amendment due process protection require a government entity to ensure certain process are conducted prior to taking an adverse action against an affected person's fundamental liberty interests; in this instance Defendants took adverse action against Plaintiff Ozenkoski prior to providing adequate notice, prior to providing an allegation of conduct violation, and prior to an opportunity to rebut the allegations made against him.

97.     Any evidence, or information, that Plaintiff Ozenkoski has to rebut the allegations against him are contained within the padlocked Business that Defendants refuse to permit him to access.

98.     In the event Defendants' adverse decision as to the status of the Business was correct, there existed much less draconian measures, and legal process, which should have been followed that does not involve the deprivation of Plaintiff Ozenkoski's rights.

99.     Accordingly, the actions of Defendants violated the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.     An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.     The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.     Any further relief that the Court determines may be just or equitable in this matter.

**COUNT IV**
**42 U.S.C. §1983 - Fourth Amendment Violations Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**In their Individual and Official Capacity,**

100.    Plaintiff Ozenkoski incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

101.    The Fourth Amendment to the United States Constitution protects the right of persons to be secured and protected against unreasonable searches and seizures, including the same conducted on possessory property interests of the person.

102.    In the United States, as applicable to the Fourth Amendment's prohibition against unreasonable seizure, a seizure of property occurs when there is a meaningful interference with an individual's possessory interest in the property.

103.    All seizures of property must be reasonable under the Fourth Amendment, and reasonableness is the ultimate measure of the constitutionality of any seizure.

104.    Plaintiff Ozenkoski has a possessory interest in the Business and property on which it sits.

105.    Defendants' actions to padlock the Business, and prevent access, is without doubt a meaningful interference with Plaintiff Ozenkoski's possessory interest in his property.

106.    Defendants' unreasonably effectuated a seizure of Plaintiff Ozenkoski's property and business.

107.    Accordingly, the actions of Defendants violated the Fourth Amendment of the United States Consitution.

        **WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.     An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.     The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.     Any further relief that the Court determines may be just or equitable in this matter.

**COUNT V**
**42 U.S.C. §1983 - Fourteenth Amendment Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**In their Individual and Official Capacity,**

**Equal Protection**

108.    Plaintiff Ozenkoski incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

109.    The Fourteenth Amendment to the United States Constitution prohibits the denial of equal protection of the law.

110.    Where private individuals, or particularized groups, exercise powers or carry on functions that are governmental in nature, they become agencies or instrumentalities of the State, and are therefore subject to the Fourteenth Amendment.

111.    A government entity is not justified in permitting individuals or groups to govern a community of citizens so as to restrict their fundamental rights or liberties.

112.    Defendant(s) Dugger, Smith, and Johnson were permitted by the City of Jennings to exercise powers and carry out functions that are governmental in nature.

113.    Due the delegation of duties permitted to Defendant(s) Dugger, Smith, and Johnson, they each are instruments of the state, and are subject to the Fourteenth Amendment.

17

114.     The action, and continued actions, of Defendant(s) Dugger, Smith, and Johnson have restricted and violated the fundamental rights and liberties of Plaintiff Ozenkoski.

**WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.     An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.     The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.     Any further relief that the Court determines may be just or equitable in this matter.

**COUNT VI**
**Missouri Constitution, Article 1, § 2**
**Equal Protection**
**Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**In their Individual and Official Capacity**

115.     Plaintiff Ozenkoski incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

116.     The Missouri Constitution, specifically Article 1, § 2, provides that the government is intended to promote the general welfare of the people; that all persons have a natural right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry; that all persons are created equal and are entitled to equal rights and opportunity under the law; and that to give security to these things is the principal office of government, and that when government does not confer this security, it fails in its chief design.

117.     Defendants materially failed to protect Plaintiff Ozenkoski's fundamental property interest in the Business.

118.    Defendants have materially failed to protect Plaintiff Ozenkoski's right to the enjoyment of the gains of his own industry.

119.    Defendants materially failed to provide Plaintiff's fundamental liberty interest.

120.    Defendants have violated, and continue to violate, Plaintiff Ozenkoski's right to equal protection under the Missouri Constitution, Art. 1 § 2.

WHEREFORE, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.  An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.  The costs and expenses related to pursuing this action, including an award for attorney's fees;

C.  Any further relief that the Court determines may be just or equitable in this matter;

D.  The costs and expenses related to pursuing this action, including an award for attorney's fees; and

E.  Any further relief that the Court determines may be just or equitable in this matter.

## COUNT VII
### Missouri Constitution, Article 1, § 2, 10
### Due Process (Property)
### Against
### City of Jennings; Defendant(s) Dugger; Smith; and Johnson
### In their Individual and Official Capacity

121.    Plaintiff Ozenkoski incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

122.    The Missouri Constitution, specifically Article 1, § 2, 10 provides that no person shall be deprived of life, liberty or property without due process of law.

123.     Plaintiff Ozenkoski owns the Business, and the property on which the Business sits, at question in this matter.

124.     Defendants have deprived Plaintiff Ozenkoski access to the Business by padlocking the structure, which also contains other personal property and fixtures owned by Plaintiff Ozenkoski.

125.     Without doubt, or question, Defendants materially failed to provide Plaintiff Ozenkoski with any of the requirements of due process prior to depriving him of his fundamental property interest in the Business.

126.     Accordingly, the actions of Defendants violated the Missouri Constitution.

**WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.     An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.     The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.     Any further relief that the Court determines may be just or equitable in this matter.

**COUNT VIII**
**Missouri Constitution, Article 1, § 2, 10**
**Due Process (Liberty)**
**Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**In their Individual and Official Capacity**

127.     Plaintiff Ozenkoski incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

128.   The Missouri Constitution, specifically Article 1, § 2, 10 provides that no person shall be deprived of life, liberty or property without due process of law.

129.   Plaintiff Ozenkoski's fundamental right to liberty rested in the continued operation of, and his continued access to, the Business.

130.   Prior to the October 2016 seizure of the Business, Plaintiff Ozenkoski had no intent to wind up business, and was enjoying the liberty afforded with being an entrepreneur and business owner in the City of Jennings.

131.   Defendants have denied Plaintiff Ozenkoski's right to liberty in choice of vocation or occupation.

132.   Accordingly, the actions of Defendants violated the Missouri Constitution.

**WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.   An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.   The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.   Any further relief that the Court determines may be just or equitable in this matter.

**COUNT IX**
**42 U.S.C. § 1982**
**Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**In their Individual and Official Capacity**

133.   Plaintiff Ozenkoski incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

134.    42 U.S.C. § 1982 provides that all citizens of the United States shall have the same right, in every State and Territory to inherit, purchase, lease, sell, hold, and convey real and personal property.

135.    Plaintiff Ozenkoski owns the Business, and the property on which the Business sits, at question in this matter.

136.    Defendants actions of padlocking the Business, and denying Plaintiff Ozenkoski access to his real and personal property has violated his enumerated rights as relates to 42 U.S.C. § 1982.

137.    In the event Plaintiff Ozenkoski wished to sell the Business, real property, or personal property contained thereon, the Defendants have permitted an unlawful encumbrance, and are further preventing his lawful access to lease, sell, hold or convey they same.

138.    Accordingly, the actions of Defendants violated, and continued to violate 42 U.S.C. § 1982.

    **WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.    An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.    The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.    Any further relief that the Court determines may be just or equitable in this matter.

22

**COUNT XI**
**42 U.S.C. § 1985**
**Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**In their Individual and Official Capacity**

139.     Plaintiff Ozenkoski incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

140.     42 U.S.C. § 1985 provides, in pertinent part, that where two (2) or more persons in any State or Territory conspire to go on the premises of another, for the purpose of depriving, either directly or indirectly, any person of the equal protections of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation against any one or more of the conspirators.

141.     Defendants conspired, and acted in concert with one another, to enter the premises of Plaintiff Ozenkoski for the purpose of depriving him of the equal protections of the law.

142.     Defendants conspired, and acted in concert with one another, for the purpose of preventing and securing Plaintiff Ozenkoski's equal protection of the laws.

143.     Accordingly, the concerted actions of Defendants violated 42 U.S.C. § 1985.

        **WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.        An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.      The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.      Any further relief that the Court determines may be just or equitable in this matter.

**COUNT XII**
**42 U.S.C. § 1986**
**Against**
**City of Jennings; Defendant(s) Dugger; Smith; and Johnson**
**In their Individual and Official Capacity**

144.    Plaintiff Ozenkoski incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

145.    42 U.S.C. § 1986 provides, in pertinent part, that every person who has knowledge that any of the wrongs conspired to be done in Count VIII above, and having the power to prevent or aid in preventing commission of the same wrongs, that neglects or refuses to do so, shall be liable to Plaintiff Ozenkoski for the damage caused by such wrongful acts, where such acts are committed.

146.    Defendants without doubt had knowledge of the wrongful acts contained in Plaintiff Ozenkoski's Complaint, as each of them was provided with the information in the correspondence(s) sent by Plaintiff Ozenkoski, and his retained counsel(s).

147.    Each of the Defendants had the power to prevent, or aid in the prevention of the wrongful acts; and each of the Defendants neglected and failed to do so.

148.    Accordingly, the neglect and failure of the Defendants to act to prevent wrongful harm incurred against Plaintiff Ozenkoski makes them liable for the damages caused but the acts committed in accordance with 42 U.S.C. § 1986.

**WHEREFORE**, Plaintiff Ozenkoski requests relief from this Court to consist of an Order, reflecting the following:

A.  An award of compensatory damages against all Defendants, and punitive damages against the individual Defendants well in excess of $75,000;

B.  The costs and expenses related to pursuing this action, including an award for attorney's fees; and

C.  Any further relief that the Court determines may be just or equitable in this matter.

Respectfully Submitted,

LAW OFFICES OF CHRISTOPHER BENT

/s/ Christopher Bent

Christopher B. Bent, #45785
Nashad Omar Carrington, #68550
2200 West Port Plaza Drive, Suite 306
Saint Louis, Missouri 63146
(314) 551-0898 (o)
(314) 558-2622 (f)
cbb@cbentlaw.com
nc@cbentlaw.com

Attorneys for Plaintiff